Judge Robertson
delivered the opinion of the court.
This was a writ of error, coram vobis, to quash a replevin recognizance, entered into before the clerk, and an execution issued thereon. The notice of the application for the writ, was served on L. Combs, as attorney at law for the creditors, on the 27th of July, 1827, an execution had issued on the recognizance, on the 19th day of- May, 1827. The next term of the circuit court of Fayette, commenced on the third Monday in J une. It was, therefore, too late to move to quash the bond or the execution, after the first term succeeding “the issuing of the” first “execution upon it.” See II. Dig. 1258, and also Coyle vs. Porter, II. Marsh. 360.
The recognizance was acknowledged on the 22d, day of April, 1823.
There are other objections to the proceedings on the writ of error. But as tjhis is sufficient, others need not be noticed.
The record contains a copy of the record of the proceedings of the same court, at its March term, 182.5, on a motion to quash the recognizance, because *148 it was not attested by the clerk, until after the motion was made, and was acknowledged in the court house, but not in the clerk’s office; which motion the court overruled. And it may be supposed by the counsel, that the-decision of the court in this latter case, is also before us for revision. It surely is not. It comes before us, only as an exhibit in the record, of the writ of error, coram vobis. The clerk certifies the record as one in the writ of error. The assignment of errors does not apply to both. It applies alone to the writ of error; only one writ issued. There can, therefore, be only one case before this court, and that is, the writ of error, coram vobis.
Though a re-plevin bond may not be good as a statutory bpnd, yet it may be ■valid, as a common leuy band.
Haggin, for plaintiff; Combs, for defendant.
But if the other case were properly presented for revisal, we should not hesitate to affirm the judgment of the circuit court. The bond was a good statutory bond. The debtors are not injured, and the bond is legal. See I. Dig. 602-3. But if it were not, it was a valid common law bond, according to the repeated decisions of this court, and, therefore, pught not to have been cjuashed. It seems that an execution on the bond, was superseded in 1826, we suppose, without constitutional authority.
Wherefore, the judgment of the circuit court is affirmed with costs and damages.